Filed 8/12/25  P. v. Donaldson CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E083610 |
| v. | (Super.Ct.No. FVA1300873) |
| HARRY DONALDSON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Colin J. Bilash, Judge.  Affirmed.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa A. Mandel, James M. Toohey, and Joseph C. Anagnos, Deputy Attorneys General, for Plaintiff and Respondent.

1

Harry Donaldson appeals from an order denying his petition to vacate his murder conviction and to be resentenced under Penal Code section 1172.6. (Unlabeled statutory citations refer to the Penal Code.) We affirm.

BACKGROUND

In September 2013, the People filed an information charging Donaldson and a codefendant with one count of murder in violation of subdivision (a) of section 187 and alleging that Donaldson personally and intentionally discharged a firearm causing great bodily injury or death (§ 12022.53, subd. (d)). At trial, the court granted the codefendant's motion for entry of judgment of acquittal pursuant to section 1118.1 and dismissed him from the case. (*People v. Donaldson* (Dec. 13, 2016, E063500) [nonpub. opn.].)

The jury convicted Donaldson of willful, deliberate, and premeditated first degree murder, and it found the firearm use allegation true. The court sentenced him to 50 years to life, consisting of 25 years to life for the murder plus 25 years to life for the firearm enhancement.

In December 2023, Donaldson filed a petition to vacate his murder conviction under section 1172.6.

At the prima facie hearing in March 2024, the court noted that it had reviewed the petition, the briefing from the parties, and this court's decision affirming the judgment. Defense counsel argued that there was a "low standard" at the prima facie hearing and that the court was not authorized to make factual or credibility determinations. The

People argued that because Donaldson was "convicted of first degree murder and the gun allegation that he was convicted of, he's statutorily ineligible for relief."

In announcing its ruling, the court responded, "Yeah. And that's basically the [c]ourt's position as being — I happen to, surprisingly so, remember this trial really well." The court concluded that Donaldson could not make a prima facie showing, because there was "no theory outside of him being the actual killer and personally using a firearm." The court accordingly denied the petition.

## DISCUSSION

Donaldson argues that the trial court erred by (1) relying on its recollection of the facts adduced at his trial to deny his petition, (2) basing its denial, in part, on the jury's finding that he personally discharged a firearm, and (3) violating his procedural due process rights by denying his petition without issuing an order to show cause and holding an evidentiary hearing. The People argue that Donaldson is ineligible for relief as a matter of law, because his jury was not instructed on any theory of imputed malice and convicted him of premeditated murder.[1]

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill 1437) narrowed the first degree felony-murder rule and eliminated the natural and

---

[1]    The People filed a request for judicial notice on September 23, 2024. We grant that request and take judicial notice of the jury instructions given at Donaldson's trial, the verdict forms, the transcripts of counsel's closing arguments, and the reporter's transcript of the court's oral ruling acquitting the codefendant of the charges against him pursuant to section 1118.1. Those materials are court records and hence may be judicially noticed under Evidence Code section 452, subdivision (d), and they are relevant to the issue of prejudice.

probable consequences doctrine as a theory of murder liability "to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill 1437 also created a procedural mechanism for retroactive application of those changes in the law to defendants who were convicted of murder under prior law but could not be convicted under current law. (§ 1172.6; *People v. Curiel* (2023) 15 Cal.5th 433, 449 (*Curiel*).)

Upon the filing of a facially sufficient petition under section 1172.6, the trial court must appoint counsel for the petitioner if requested, permit the People to file a response and the petitioner to file a reply, and determine whether the petitioner has made a prima facie showing of entitlement to relief. (§ 1172.6, subd. (c); see generally *People v. Lewis* (2021) 11 Cal.5th 952, 971-972 (*Lewis*).) In conducting the prima facie review, the court treats the petitioner's factual allegations as true and makes a preliminary assessment of whether the petitioner would be entitled to relief if those allegations were proved. (*Lewis*, at p. 971.) But if the record of conviction refutes the petitioner's allegations by "establish[ing] conclusively that the [petitioner] is ineligible for relief," then "the trial court may dismiss the petition." (*Curiel*, *supra*, 15 Cal.5th at p. 450.)

We independently review a trial court's denial of a section 1172.6 petition at the prima facie stage. (*People v. Bratton* (2023) 95 Cal.App.5th 1100, 1113.)

Donaldson's arguments fail because his record of conviction establishes that he is ineligible for relief as a matter of law. Donaldson's jury was not instructed on felony

4

murder, the natural and probable consequences doctrine, aider and abettor liability, or any other theory of imputed malice, and the instruction on first degree murder required the jury to find that he had the specific intent to kill. Donaldson was therefore convicted on a theory that remains valid under current law, so he is ineligible for relief under section 1172.6. (*People v. Strong* (2022) 13 Cal.5th 698, 710.) Consequently, any error by the trial court was harmless because there is no reasonable probability that the trial court would have issued an order to show cause in the absence of the purported errors. (*Lewis*, *supra*, 11 Cal.5th at p. 974; *People v. Watson* (1956) 46 Cal.2d 818, 836.)

Donaldson argues that we should deny the People's request for judicial notice, reverse, and remand for another prima facie hearing. His argument is based principally on *People v. Gallardo* (2024) 105 Cal.App.5th 296, but that case is distinguishable. In *Gallardo*, the trial court did not receive any briefing or documentary evidence and denied the petition solely on the basis of counsel's oral representations concerning the contents of the jury instructions. (*Id*. at p. 300.) Here, the judge received briefing and denied the petition on the basis of the judge's own recollection of the jury instructions, because the judge "remember[ed] this trial really well." It would have been better practice for the judge to review the jury instructions instead of relying on his memory, but we can review the jury instructions ourselves (having taken judicial notice) and confirm that the judge's memory was correct.

5

DISPOSITION

The order denying Donaldson's petition under section 1172.6 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ

J.

We concur:

McKINSTER

Acting P. J.

MILLER

J.

6